UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RAFAEL RODRIGUEZ ROA,

        Plaintiff,

v.

CATHOLIC CHARITIES NEIGHBORHOOD
SERVICE, INC., d/b/a Casa Betsaida,

        Defendant.

Case No. 1:13-cv-5433-RRM-RLM

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

The plaintiff, Rafael Rodriguez Roa ("Plaintiff") and the defendant Catholic Charities Neighborhood Service, Inc. ("Defendant"), hereby request that this Court approve the parties' settlement of the above-captioned matter. As the Plaintiff's action and claims arise under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), the parties' settlement must be approved by this Court.

> The Fair Labor Standards Act expressly prohibits settlement of any right to unpaid minimum wage or unpaid overtime claims by employees, made pursuant to 29 U.S.C. §§ 206-07, without the supervision of the Secretary of Labor. 29 U.S.C. § 216(c) (noting that a supervised settlement agreement "shall constitute a waiver by such employee of any right he may have [to pursue a private cause of action under FLSA]"). Courts have allowed an additional exception to FLSA's restriction on settlement to include judicially-supervised stipulated settlements. See Manning v. New York Univ., 2001 WL 963982, at *12-13 (S.D.N.Y. Aug. 22, 2001) (citing D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 113 n.8, (1946) and Lynn's Food Stores, Inc. v. United States ex. rel. U.S. Dept. of Labor, 679 F.2d 1350 (11th Cir. 1982)).

*Simel v. JP Morgan Chase*, 2007 U.S. Dist. LEXIS 18693, 11-12 (S.D.N.Y. Mar. 19, 2007).[1]

The parties have executed a written Settlement Agreement and jointly ask the Court to approve the settlement and dismiss the case with prejudice. The parties represent to the Court that the settlement is a fair and reasonable resolution of a *bona fide* dispute reached as a result of contested litigation. The parties attest to the fairness and reasonableness of their amicable settlement. The parties agreed to the terms of this settlement after they were counseled by their respective attorneys, who represented them throughout this action.

To protect both parties' privacy, the parties have included a provision related to confidentiality in the Agreement. This is an individual, as opposed to a class or collective, action, and neither the terms of the Settlement Agreement nor the subject matter of the underlying dispute concern the public interest. Further, the discussions leading up to the eventual agreement constituted confidential settlement communications and should be provided the protections that privilege affords so as to avoid a chilling effect upon similar candid assessments of potential risks and liabilities on both sides in the future. For these reasons, on balance, the parties believe it is in the best interest of all involved for the agreement to not be a matter of the online public record.

---

[1] See also *Sampalo v. Boulder Rock Creek Developers, Inc.*, 2007 U.S. Dist. LEXIS 66013, 1-2 (E.D.N.Y. Sept. 6, 2007) (Boyle, E. Thomas) (individual action); *Medley v. Am. Cancer Soc'y*, 2010 U.S. Dist. LEXIS 75098 (S.D.N.Y. July 23, 2010) (Jones, Barbara S.) (approving settlement); *Lazzarini v. Reinwald Bros. Bakery Corp.*, 2009 U.S. Dist. LEXIS 56423 (E.D.N.Y. June 29, 2009) (Seybert, Joanna) (denying motion to approve with directions to provide further information in order to allow the court to determine the fairness and reasonableness) (Settled by *Lazzarini v. Reinwald Bros. Bakery Corp.*, 2009 U.S. Dist. LEXIS 70426 (E.D.N.Y., Aug. 7, 2009)); *Tuan Le v. Sita Info. Networking Computing USA, Inc.*, 2008 U.S. Dist. LEXIS 20786 (E.D.N.Y. Mar. 13, 2008) (Seybert, Joanna) (denying motion to approve with directions to provide further information in order to allow the court to determine the fairness and reasonableness); *Mendez v. Nooch, Inc.*, 2009 U.S. Dist. LEXIS 128160 (S.D.N.Y. Jan. 7, 2009) (Mag Ellis, Ronald L.) (individual action).

However, in order for the presiding judge to assess the settlement for fairness and reasonableness of the settlement, the parties will submit a copy of the Settlement Agreement along with a letter describing the case, directly to chambers via fax or mail, or via ECF under seal, for *in camera* review, within a week of this filing, in communication with this Court's staff and/or as pursuint to this Court's Individual Rules to determine which method of submission is preferable.

WHEREFORE, the parties jointly and respectfully request that this Court approve the Settlement Agreement of the Parties, and dismiss the instant action between the parties with prejudice.

Respectfully submitted,

*(signature)*
Emmie Glynn Ryan
CATHOLIC CHARITIES, DIOCESE OF BROOKLYN
191 Joralemon Street
Brooklyn, NY 11201

*Attorneys for Defendant*

Dated: 2/21/2014

*(signature)*
Penn Dodson (PD 2244)
ANDERSONDODSON, P.C.
11 Broadway, Suite 615
New York, NY 10004

*Attorneys for Plaintiff*

Dated: 2/23/14

SO ORDERED:

_____
U.S.D.J

Dated: _____